[No. 34829. *En Banc.* February 26, 1959.]

*In the Matter of the Estate of* Della E. Ehler, *Deceased.*[1]

*The Attorney General* and *Henry W. Wager, Assistant,* for appellant.

*Jacobs & Peters,* for respondent.

Mallery, J.—This case involves an interpretation of the meaning of the word "stepchild" as used in RCW 83.08.020, an inheritance tax statute.

Della E. Ehler married a man who had two children by a former wife. She divorced him and married again. This man also had two children by a former wife. She divorced the second husband and subsequently died bequeathing property to the children of her former husbands.

The supervisor of the inheritance tax division of the tax commission of the state of Washington denominated the bequests class C under the provision of RCW 83.08.040 for inheritance tax purposes. The executor objected, contending that they should be class A under the provisions of RCW 83.08.020.

[1] Reported in 335 P. (2d) 823.

The trial court sustained the executor's objection, and the state appeals.

The pertinent part of RCW 83.08.020 provides:

"Any devise, bequest, legacy, gift or beneficial interest to any property or income therefrom which shall pass to any . . . stepchild or lineal descendant of a stepchild . . . is denominated class A. . . ."

Interpreting this statute in *In re Bordeaux's Estate*, 37 Wn. (2d) 561, 225 P. (2d) 433, 26 A. L. R. (2d) 249, we held:

"We are in agreement with the trial court that the principle that the death of a spouse, without issue, terminates the relationship by affinity, should not be applied to limit the meaning of the word 'stepchild,' as used in this statute, and that Chester Raymond and Russell Bordeaux should, consequently, be taxed at the same rate as they admittedly would have been taxed had their father or their half-brother survived their stepmother."

This holding was predicated upon the following considerations:

"The rights of stepchildren have been but slowly established through the years, and always in direct opposition to the common law, 'whose fundamental pronouncement is that the mere relationship of stepparent and stepchild confers no rights and imposes no duties.' 4 Vernier, American Family Laws, 485, § 268. But the modern tendency has been, and rightly so, to assimilate the stepchild to the natural child. See Note, 52 Harv. L. Rev. 515. Where the legislature has passed a statute which, on its face, appears designed to aid in accomplishing that end, we should not restrict it by resort to abstruse and little-known common-law rules, particularly when such rules, as in this case, are of the most doubtful validity." *In re Bordeaux's Estate, supra.*

The appellant contends that since the marriages of the legatees' natural fathers to Della E. Ehler were terminated by divorce and not by death, as in the *Bordeaux* case, a different rule should be applied. Appellant states:

". . . the usual and ordinary definition of a stepchild is 'a child of one's wife or husband by a former marriage.' It naturally follows that there must be a wife or husband who is the parent of a child by a previous marriage if that child is to be a stepchild of the other spouse. There is a

difference when the marriage is dissolved by death rather than divorce, . . . once a marriage is dissolved by divorce the relationship of husband and wife both actually and legally is destroyed. There is neither a wife nor a husband in fact or in name. . . . The term 'wife' does not include a divorced wife. . . .

"So in the case at bar, when the decedent was divorced from the natural father of the children, she had no husband and thus could no longer have any stepchildren within the usual, ordinary definition of that word."

■ In *Buffelen Lbr. & Mfg. Co. v. State*, 32 Wn. (2d) 40, 200 P. (2d) 509, we said:

"It must be borne in mind that, if there is any doubt as to the meaning of a taxing statute, it must be construed most strongly against the taxing power in favor of the citizen. [Citing case.]"

The appellant's theory is tenable, but it does not accord well with either the statutory rule of strict construction in tax cases, or the rule of the *Bordeaux* case.

■ We decline to make an exception to the rule of that case as requested by appellant. It was therein held that the natural parent need not survive the stepparent in order for the bequest from the stepparent to the stepchildren to be denominated class A.

Since the rule contemplates the survival of the stepparent-stepchild relationship during the time the stepparent is a widow or widower, it obviously survives the termination of the marriages in question. That being so, the nature of the cause of the termination, whether death or divorce, would not appear to have any compelling legal significance for inheritance tax purposes.

The order is affirmed.

ALL CONCUR.