## No. C-601

**Nicholas Truglio, individually, and as executor of the Estate of Jeanne A. Iacino, a/k/a Jeanne Iacino, and The Colorado National Bank, individually and as Administrator, C.T.A. for the Estate of Jeanne A. Iacino, a/k/a Jeanne Iacino v. In Re Estate of Jeanne A. Iaciano, a/k/a Jeanne Iacino, People of the State of Colorado, ex rel., Joseph F. Dolan, Executive Director, Department of Revenue, State of Colorado**

(542 P.2d 840)

Decided November 24, 1975.

Belmore T. Martin, for petitioners.

J.D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Morton H. Letofsky, Special Assistant, Mary J. Mullarkey, Assistant, for respondent.

*En Banc.*

MR.CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

. This case presents the issue of whether, for inheritance tax purposes, a child remains a "stepchild" after the dissolution of the marriage between

the child's natural parent and his "stepparent."

The decedent, Jeanne A. Iacino, and Mose Iacino were married in 1937. Mose Iacino had two children by a previous marriage. These children were not adopted by the decedent. After thirty years of marriage, the decedent died leaving bequests to both of her "stepchildren."

The Department of Revenue classified the "children" as "Class D" beneficiaries pursuant to C.R.S. 1963, 138-3-14.[1] Class D beneficiaries are defined by the statute as those persons having no relationship to the testator. The estate and children objected, claiming that the children should be classified as "Class A" beneficiaries and thus be taxed at a lower rate. The probate Court of the City and County of Denver sustained these objections. The Court of Appeals reversed, *In re the Estate of Jeanne A. Iacino,* 34 Colo. App. 379, 529 P.2d 346. We granted certiorari and now reverse the judgment of the Court of Appeals.

## I.

C.R.S. 1963, 138-3-14(2), in pertinent part, defines Class A beneficiaries as: "Father, mother, husband, wife, child, *stepchild* or any child or children legally adopted as such or to any lineal descendant of such decedent; . . ." [Emphasis added]

■ The estate and the children of Mose Iacino claim that they are the stepchildren of Jeanne Iacino within the meaning of the statute. The only issue, therefore, is whether, for the purpose of this statute, the children of Mose Iacino remained the "stepchildren" of Jeanne Iacino after the divorce from Mose Iacino.

The stepparent-stepchild relation is one of affinity, rather than consanguinity. The Court of Appeals held and the Department of Revenue contends that since a divorce terminates all incidents of a marriage, the affinal stepchild relationship cannot survive the marriage.

To determine the meaning of the word "stepchild" in the statute, we must look to the intent of the legislature in creating the statute. The structure of the inheritance tax program indicates that the legislature wished to tax those persons who may be loosely classified as "family relations" at a lower rate than persons not related to the decedent. In terms of family relations, it is not at all apparent that the ties that often bind a stepparent to his stepchild will automatically terminate upon a divorce from the child's natural parent. The very fact that the testatrix in this case chose to make the bequest indicates that the relationship engendered by the marriage continued between the testatrix and these children.

## II.

The precise issue now before the Court was decided by the Washington Supreme Court in *In re Ehler's Estate,* 53 Wash.2d 679, 335 P.2d 823. The court in *Ehler* held that, for inheritance tax purposes, the stepchild stepparent relationship continues, regardless of the dissolution of the

---

[1] Now section 39-23-112, C.R.S. 1973.

marriage between the natural parent and the stepparent. The court relied upon an earlier case, *In re Bordeaux' Estate,* 37 Wash.2d 561, 225 P.2d 433, which discussed in detail the question of termination of the stepchild relationship. The court in *Bordeaux* held that the death of the natural parent did not terminate the stepchild relationship with the stepparent.

The court in *Ehler* stated that the distinction between death and divorce in terms of inheritance tax classifications was a distinction "without any compelling legal significance," 53 Wash.2d at 681, 335 P.2d at 825. We agree.

The Department of Revenue relies upon a decision of the Texas Court of Civil Appeals as authority for their position. In *Hamilton v. Calvert,* 235 S.W.2d 453 (Tex.Civ.App.), the intermediate appellate court held that for inheritance tax purposes, affinal relationships survive the death of a parent but not the divorce of the parents' marriage. The issue in that case was whether the child was a "direct descendant of the wife." The court reasoned that after the divorce, the natural father had no "wife" and therefore the child could not be a direct descendant of the wife of the decedent.

The instant case may be distinguished on the ground that the Colorado statute specifically speaks in terms of "stepchildren" as well as "lineal decendants" of the spouse. However, even if the Texas case stands for the proposition that divorce terminates the stepchild relation, we decline to follow that case. We believe that the sounder logic and reasoning is expressed by the Washington cases.

Courts of other states, in cases closely analogous to the one at bar have almost without exception held that the stepchild relation survives the divorce of the parents for inheritance tax purposes. *See Depositor's Trust Co. v. Johnson,* 222 A.2d 49; *Spear v. Robinson,* 29 Me. 531; *Steele v. Suwalski,* 75 F.2d 885.

Accordingly, we hold that a child remains a stepchild for inheritance tax purposes even after the dissolution of the marriage between the child's natural parent and his stepparent.

The judgment of the Court of Appeals is reversed.

MR.JUSTICE LEE dissents.

MR.JUSTICE ERICKSON does not participate.

MR. JUSTICE LEE dissenting.

I respectfully dissent.

The affinal relationship of stepchild to stepparent arises only by reason of marriage. When that marriage is terminated by divorce, then, in my view, the stepchild status ceases to exist.

I would therefore affirm the court of appeals