[No. 57593-2.   En Banc.   April 16, 1992.]

SKI ACRES, INC., *Respondent*, v. KITTITAS COUNTY,
*Appellant.*

*David A. Pitts, Prosecuting Attorney,* for appellant.

*Carney, Stephenson, Badley, Smith & Spellman, P.S.,* by *James E. Lobsenz* and *Richard J. Padden,* for respondent.

JOHNSON, J. — Kittitas County attempted to tax ski lift fees as "admission charges" pursuant to RCW 36.38.010. Ski Acres, Inc., challenged the County's authority to impose this tax because Ski Acres does not charge an admission fee for entry onto its land. The trial court granted summary judgment in Ski Acres' favor. We affirm the trial court. We hold that RCW 36.38.010 authorizes counties to tax recreational equipment rentals only where such rentals are necessary for the enjoyment of a privilege for which a general admission fee is charged. Because the respondent does not charge a general admission fee for entry onto its lands, the County lacks authority to enforce its ordinance against the respondent.

The facts in this case are not in dispute. In 1989, Kittitas County enacted ordinance 89-6. This ordinance imposes a 5 percent tax to be paid by all persons who pay an admission charge to any place. The ordinance further provides that any person who collects an admission charge must also collect the 5 percent tax, remit the tax to the County in quarterly installments, and maintain records of the amount of taxes collected. A party who violates the ordinance may incur both civil and criminal penalties.

In 1990, Kittitas County amended this ordinance to provide for a specific list of activities or events that would be taxed under ordinance 89-6. This list of taxable activities included fees for riding ski lifts.

Ski Acres operates a ski area in Kittitas County pursuant to a special use permit granted by the United States Forest Service. This permit prohibits Ski Acres from charging an admission fee for entry onto the national forest land where Ski Acres is situated. Ski Acres filed a complaint for declaratory relief against Kittitas County, arguing the County did not have the authority to tax its ski lift tickets.

After both parties filed motions for summary judgment, the trial court granted summary judgment in Ski Acres' favor. The County appeals this ruling.

■ A court shall grant summary judgment if there is no genuine issue of material fact, and the moving party is entitled to a judgment as a matter of law. CR 56(c). The standard of review on appeal of a summary judgment order is de novo, with the reviewing court performing the same inquiry as the trial court. *Herron v. Tribune Pub'g Co.,* 108 Wn.2d 162, 169, 736 P.2d 249 (1987).

Ski Acres presents two arguments why the County cannot tax Ski Acres' ski lifts. First, Ski Acres asserts the County's tax violates article 26 of the Washington State Constitution as a state tax imposed on federal land without the express consent of Congress.

Article 26 of the state constitution provides, in relevant part, that:

> [N]o taxes shall be imposed by the state on lands or property therein, *belonging to or which may be hereafter purchased by the United States or reserved for use . . ..*

(Italics ours.) The state constitution was amended in 1946 to allow the State to tax federal property when Congress consents to such taxation. *See* Const. art. 7, § 3 (amend. 19).

The threshold question is whether the County's tax, as applied in this case, constitutes a tax on federal property. Ski Acres' ski area is situated on federal land. The County's ordinance, however, does not impose a tax on the land itself or on those wanting to enter the land. The ski lifts are the private property of Ski Acres. Ski Acres does not contend the federal government either owns, or may purchase, the ski lifts in question. Nor are the ski lifts reserved for federal

use; they are available for public use upon payment of a fee. As such, the County's ordinance does not violate article 26 when applied to the ski lifts in question. Ski Acres has failed to show the ordinance imposes a tax on any federal property.

■ We now turn to Ski Acres' second argument that the State Legislature did not grant the County the authority to impose an "admission charge" tax on the ski lifts in question. Counties have no inherent power to levy taxes. *Weyerhaeuser Timber Co. v. Roessler*, 2 Wn.2d 304, 307, 97 P.2d 1070, 126 A.L.R. 882 (1940). The Legislature must *expressly* grant counties the authority to tax. *Hillis Homes, Inc. v. Snohomish Cy.*, 97 Wn.2d 804, 809, 650 P.2d 193 (1982). RCW 36.38.010 provides, in part, as follows:

> Any county may by ordinance enacted by its board of county commissioners, levy and fix a tax of not more than one cent on twenty cents or fraction thereof to be paid for county purposes by persons who pay an admission charge *to any place* . . . and require that one who receives any admission charge *to any place* shall collect and remit the tax to the county treasurer of the county . . ..

(Italics ours.) This statute defines "admission charge" as including:

> a charge made for rental or use of equipment or facilities for purpose of recreation or amusement, *and* where the rental of the equipment or facilities is necessary to the enjoyment of a privilege for which a general admission is charged, the combined charges shall be considered as the admission charge.

(Italics ours.) The word "and", which is italicized above in the second portion of the statute, is critical to the analysis of this case.

Ski Acres argues the "and" should be read as conveying a conjunctive meaning. Under this reading, two conditions must exist before a recreational equipment rental may be taxed as an "admission charge": the rental must be for the purpose of recreation or amusement, *and* the rental must be necessary for the enjoyment of a privilege for which a general admission fee is charged.

In contrast, the County essentially argues the "and" should be read like an "or", to convey a disjunctive meaning. The County argues the above portion of the statute provides for two alternative definitions of "admission charge": a charge made for a recreational equipment rental, *or* the combined charges where there is both an admission fee and an equipment rental fee. As such, the County argues the statute authorizes a tax on the respondent's ski lift tickets because such charges fall within the first definition under RCW 36.38.010: the charges are "made for rental or use of equipment . . . for purpose of recreation or amusement . . .."

■ ■ We agree with Ski Acres' analysis. The statute contains an "and", not an "or". We thus read the "and" as simply being an "and". The Legislature would have used the word "or" if it had intended to convey a disjunctive meaning. *See State v. Carr*, 97 Wn.2d 436, 439, 645 P.2d 1098 (1982) (where the lower court erred in reading an "and" in former JCrR 4.10 as conveying a disjunctive meaning); *Childers v. Childers*, 89 Wn.2d 592, 596, 575 P.2d 201 (1978) (the word "and" does not mean "or"). As such, we hold RCW 36.38.010 requires the existence of two conditions before an equipment rental can be taxed as an "admission fee": (1) the rental must be "for [the] purpose of recreation or amusement . . ." *AND* (2) the rental must be "necessary to the enjoyment of a privilege for which a general admission is charged . . .." Because Ski Acres does not charge an admission fee for entry onto its land, its ski lift tickets cannot be taxed as "admission charges".

■ The main object of judicial interpretation is to ascertain and give effect to the Legislature's intent. *In re Bale*, 63 Wn.2d 83, 86, 385 P.2d 545 (1963). In RCW 36.38.010, the Legislature evidenced an intent to authorize counties to tax "persons who pay an admission charge *to any place* . . .." (Italics ours.) Furthermore, this tax is to be collected and remitted to the county treasurer by any individual or organization that "receives any admission charge *to any place* . . .." (Italics ours.) Our reading of the statute gives effect to the legislative intent that an equipment rental be

tied *to a particular place* before it can be taxed as an admission fee. A ski lift is not a "place". Rather, it is a mode of transportation for enjoyment of a recreational area.

■ Moreover, we have adhered to a rule of strict construction in cases involving taxation statutes. *In re Estate of Ehler*, 53 Wn.2d 679, 681, 335 P.2d 823 (1959). If any doubt exists as to the meaning of a taxation statute, the statute must be construed most strongly against the taxing power and in favor of the taxpayer. *Puyallup v. Pacific Northwest Bell Tel. Co.*, 98 Wn.2d 443, 448, 656 P.2d 1035 (1982); *Vita Food Prods., Inc. v. State*, 91 Wn.2d 132, 134, 587 P.2d 535 (1978). In *Pacific Northwest Bell*, the Puyallup City Council authorized a 2 percent increase in its business and occupations tax (B&O tax). The Council's amendments to its B&O tax ordinance, however, were ambiguous and contradictory as to whether the 2 percent increase applied retroactively to revenues earned in 1979, or whether the increase only applied prospectively to revenues earned as of 1980. The court held because the City Council did not *clearly* indicate its intent to enact the 2 percent increase retroactively as well as prospectively, the statute should be construed as *only* imposing the increase prospectively. *Pacific Northwest Bell*, at 452.

In this case, RCW 36.38.010 does not clearly indicate an intent to empower counties with the authority to impose an "admission charge" tax on recreational equipment rentals that are *not* tied to an admission charge to a particular place. Therefore, pursuant to *Pacific Northwest Bell*, we construe the statute against the taxing power and in favor of the taxpayer. A recreational equipment rental may not be taxed pursuant to the statute unless the rental is necessary for the enjoyment of a privilege for which a general admission fee is charged.

■ Furthermore, statutes should be construed to effect their purpose, and unlikely, absurd or strained consequences should be avoided. *State v. Stannard*, 109 Wn.2d 29, 36, 742 P.2d 1244 (1987). Under the County's reading of the statute, the statute would provide two alternative defi-

nitions of an admission charge: (1) a charge made for a recreational equipment rental, and (2) the combined charges where there is both an admission fee and an equipment rental fee. Any recreational equipment rental could be taxed as an "admission charge" under the first definition. If a person wanted to climb Mount Rainier, he or she could be charged an "admission charge" tax on the rental of an ice axe and some crampons. Similarly, people who rent videocassettes from the neighborhood grocery store could be charged an "admission charge" tax on such rentals. Such things as car rentals and boat rentals could also be taxed as "admission charges" under the first definition. When construing statutes, absurd consequences such as these should be avoided.

The plain and ordinary meaning of the term "admission" is a "fee paid at or for entering". *Webster's Third New International Dictionary* 28 (1986). A recreational equipment rental alone does not fit within the definition of a "fee paid at or for entering". Pursuant to the plain and ordinary meaning of "admission", a general admission fee must be charged for entry onto the premises where a rental occurs before the rental can be taxed under the statute.

The trial court correctly ruled that the County's ordinance was invalid and unenforceable as applied to equipment rentals which are not tied to a general admission charge. The County's ordinance remains valid under RCW 36.38.010, however, as it pertains to recreational equipment rentals that *are* "necessary to the enjoyment of a privilege for which a general admission [fee] is charged . . .." Because Ski Acres does not charge an admission fee to enter the lands in question, the County lacks the authority to enforce its ordinance in this case. Accordingly, we affirm the trial court's summary judgment in Ski Acres' favor.

UTTER, BRACHTENBACH, ANDERSEN, SMITH, and GUY, JJ., concur.

DURHAM, J. (dissenting) — The majority unnecessarily invalidates Kittitas County's tax on ski lift tickets. By taking language out of context and misplacing emphasis, the majority interprets RCW 36.38.010 in a manner which is clearly at odds with the intent of the Legislature. Therefore, I dissent.

RCW 36.38.010 grants authority to any county to levy a tax of not more than 1 cent on 20 cents "to be paid for county purposes by persons who pay an admission charge to any place". The dispute before us centers on the definition of "admission charge", which states:

> As used in this chapter, *the term "admission charge" includes* a charge made for season tickets or subscriptions, a cover charge, or a charge made for use of seats and tables, reserved or otherwise, and other similar accommodations; a charge made for food and refreshments in any place where any free entertainment, recreation, or amusement is provided; *a charge made for rental or use of equipment or facilities for purpose of recreation or amusement, and where the rental of the equipment or facilities is necessary to the enjoyment of a privilege for which a general admission is charged, the combined charges shall be considered as the admission charge.* . . .

(Italics mine.) RCW 36.38.010.

The statute should be interpreted to authorize a tax on ski lift charges because such charges are "made for rental or use of equipment or facilities for purpose of recreation or amusement". The majority, however, contends that the definition authorizes a tax only upon satisfaction of two conditions: the rental must be for recreational purposes, and the rental must be necessary to the enjoyment of a privilege for which a general admission fee is charged. Majority, at 855. Since no admission is charged for entry to Ski Acres, and the facility may be enjoyed without the use of the lifts, the majority concludes that the statutory definition of "admission charge" does not include the ski lift tickets. Majority, at 856.

The County's interpretation makes more sense. The final clause of the definition, emphasized above, provides for two

distinct circumstances. First, equipment and facility rentals may be taxed. Second, if the rental is in addition to a general admission charge, both may be taxed together. Applying this interpretation, I would hold that the County has the statutory authority to tax ski lift tickets.

Support for this interpretation is found in established rules of statutory construction. Statutes should be construed so that no language is superfluous. *Stone v. Chelan Cy. Sheriff's Dep't*, 110 Wn.2d 806, 810, 756 P.2d 736 (1988). The majority's interpretation gives no effect to the statutory language before the comma; only the phrases following the "and" are deemed to have legal impact. Read as a whole, it is clear that the Legislature intended the statute to be read in the disjunctive, as a list of independent situations.

To read the clause as stating two conditions defies common sense. The language used in the statute is the most awkward way imaginable to state the two postulated conditions. If the Legislature wished to express the conditions as set forth in the majority, I am certain that it would have found a clearer way to do so. Such a strained interpretation cannot be justified by appeal to a rule of strict construction.

In addition, the majority argues that the Legislature "evidenced an intent to authorize counties to tax 'persons who pay an admission charge *to any place* . . ..' " Majority, at 856. This contention is belied by the remainder of the very definition in question, omitted by the majority. Majority, at 855. The Legislature defined "admission charge" to include other categories which would *not* be considered "to any place". For example, the Legislature quite plainly and unambiguously stated that an admission tax could be levied on food and beverage charges anywhere that *free* entertainment was provided. RCW 36.38.010. Nothing is said about a general admission. The majority attempts to justify its interpretation by referring to improbable hypotheticals: admission taxes charged on videocassettes, or car and boat rentals. Majority, at 858. This argument is specious; it exaggerates the consequences attributable to a tax on ski lifts.

The majority's concluding argument rests on the "plain and ordinary meaning of the term 'admission' ". Majority, at 858. This is irrelevant. This case deals solely with the proper interpretation of the *definition* of "admission charge". Statutes are construed so as to give words their plain and ordinary meaning only if no contrary direction is specified by the Legislature. *In re Estate of Little*, 106 Wn.2d 269, 283, 721 P.2d 950 (1986); *Hewson Constr., Inc. v. Reintree Corp.*, 101 Wn.2d 819, 826, 685 P.2d 1062 (1984). Our Legislature expressly included equipment rentals within its statutory definition. Resort to the ordinary meaning is inappropriate.

I would reverse the trial court, and hold that the ordinance was authorized by statute.

DORE, C.J., and DOLLIVER, J., concur with DURHAM, J.