1996 SD 124

**In the Matter of the ESTATE OF Nellie F. GOSSMAN, Deceased.**

**No. 19519.**

Supreme Court of South Dakota.

Considered on Briefs Sept. 12, 1996.

Decided Oct. 16, 1996.

---

Mark Barnett, Attorney General, Philip R. Manson, Special Assistant Attorney General, Pierre, for appellant South Dakota Department of Revenue.

Ronald R. Johnson, Lemmon, for appellee Barbara Gossman.

GILBERTSON, Justice.

[¶ 1] This is an appeal by the South Dakota Department of Revenue (DOR) from the circuit court's order determining Barbara Gossman is entitled to inheritance tax status under SDCL 10–40–21(3), and holding that the phrase "wife of a son" within that statute encompasses the divorced wife of a decedent's son. We reverse and remand with instruction.

### FACTS AND PROCEDURE

[¶ 2] Nellie Gossman died testate on June 12, 1995. She had executed a will on October 14, 1992, leaving property to Barbara Gossman valued at $64,437.26. At the time Nellie's will was executed, and at the time of Nellie's death, Barbara Gossman was divorced from Nellie's son, Doyle. Nellie was aware of this fact, and referred to Barbara in Article II of the will as "my daughter-in-law ... previously married to my son, Doyle Gossman and now divorced." All but one of Nellie's grandchildren and great grandchildren are issue of the marriage of Doyle and Barbara. Following Doyle and Barbara's divorce, Nellie and Barbara continued to maintain a close and caring relationship.

[¶ 3] However, Nellie's estate passed by survivorship and none passed by the terms of her will. Barbara's share was the result of

various joint account certificates of deposit and other accounts established by Nellie prior to Doyle and Barbara's divorce. The estate of Nellie Gossman (Estate) filed its inheritance tax report August 25, 1995. In that report, Barbara was classified by the Estate as a Table 3 beneficiary,[1] pursuant to SDCL 10–40–21(3). Her inheritance tax owed was calculated under Table 3 to be $6,264.61. DOR performed an audit of the report and reclassified Barbara as a Table 5 beneficiary,[2] pursuant to SDCL 10–40–21(5). Her inheritance tax owed was calculated under Table 5 to be $9,451.09. The Department asserted this tax was appropriate as it determined Barbara was a "stranger in blood" under SDCL 10–40–21(5) rather than the "wife of a son" under SDCL 10–40–21(3).

[¶ 4] The matter was brought to a hearing before the circuit court and arguments were presented on the legal status of Barbara Gossman under the inheritance tax statutes. The circuit court determined Barbara was "a wife of a son" of Nellie Gossman and ordered her to pay inheritance tax in the amount of $6,264.61 based on the Table 3 rates. DOR appeals.

## ANALYSIS AND DECISION

[¶ 5] DOR raises two issues which we combine into one that presents a question of first impression for this Court. That is, whether the phrase "wife of a son" within SDCL 10–40–21(3) is to be interpreted as encompassing in its definition a person who, at the time of a decedent's death, is divorced from a decedent's son?

[¶ 6] Statutory interpretation involves questions of law for the circuit court and, as such, our review of such matters is de novo. *Sioux Valley Hosp. Ass'n v. State*, 519 N.W.2d 334, 335 (S.D.1994); *King v. John Hancock Mut. Life Ins. Co.*, 500 N.W.2d 619, 621 (S.D.1993). We have previously stated that "[a]s a general rule, statutes which impose taxes are to be construed liberally in favor of the taxpayer and strictly against the taxing body. Ambiguities in a statute imposing a tax are interpreted in favor of the taxpayer." *Nash Finch Co. v. South Dakota Dep't of Revenue*, 312 N.W.2d 470, 472 (S.D. 1981) (citations omitted).[3] However, this Court "must assume that the legislature meant what the statute says and therefore give its words and phrases a plain meaning and effect." *Nilson v. Clay County*, 534 N.W.2d 598, 601 (S.D.1995). SDCL 2–14–1 provides that when construing and giving effect to our statutes, "[w]ords used are to be understood in their ordinary sense...." When a statute does not define a term, it should be construed according to its accepted usage, and a strained, unpractical or absurd result should be avoided. *Nelson v. South Dakota State Bd. of Dentistry*, 464 N.W.2d 621, 624 (S.D.1991).

[¶ 7] With the above in mind, we proceed to an examination of the statute itself. SDCL 10–4–21 provides, in pertinent part:

1. Table 3 rates are:

| | |
|---|---|
| $0–500 | Exempt |
| $500–15,000 | 4% |
| $15,000–50,000 | 10% of that over $15,000 plus $580 |
| $50,000–100,000 | 16% of that over $50,000 plus $4,080 |
| $100,000 or over | 20% of that over $100,000 plus $12,080 |

2. Table 5 rates are:

| | |
|---|---|
| $0–100 | Exempt |
| $100–15,000 | 6% |
| $15,000–50,000 | 15% of that over $15,000 plus $894 |
| $50,000–100,000 | 24% of that over $50,000 plus $6,044 |
| $100,000 or over | 30% of that over $100,000 plus $18,144 |

3. The language in SDCL 10–40–21 itself evidences imposition rather than exemption when it provides "the tax hereby imposed is...." The language of SDCL 10–40–25, stating that the exemptions found within SDCL 10–40–23 provide the exclusive exemptions under SDCL Ch. 10–40, also supports the classification of SDCL 10–40–21 as one of imposition rather than exemption. Finally, other courts, having examined issues similar to the one presently before us, have determined that rate provision statutes do not exempt, but impose taxes. *See* People v. Snyder, 353 Ill. 184, 187 N.E. 158, 160 (1933); *Farnsworth v. Iowa State Tax Comm'n*, 257 Iowa 280, 132 N.W.2d 477, 479 (1965); *Dennis v. Comm'r of Corp. and Taxation*, 340 Mass. 629, 165 N.E.2d 893, 895 (1960).

When property or any beneficial interest in such property passes by a transfer subject to taxation under this chapter and the property exceeds the value of the exemption specified in § 10–4–23 and does not exceed in value fifteen thousand dollars, the tax hereby imposed is:

. . .

(3) Four percent of the clear value of such interest in such property if the person entitled to any beneficial interest in such property is a brother or sister or a descendant of a brother or sister of the decedent, *a wife* or widow *of a son,* or the husband or widower of a daughter of the decedent. . . .;

. . .

(5) Six percent of the clear value of such interest in such property if the person entitled to any beneficial interest in such property is in any other degree of collateral consanguinity than is hereinbefore stated, or is *a stranger in blood* to the decedent, or is a body politic or corporate. . . .[.]

(emphasis added). SDCL 10–41–61 provides that inheritance taxes imposed by our statutes "shall take effect and accrue upon the death of the decedent," thereby fixing the date we must use in interpreting Barbara's status for inheritance tax purposes as the date of Nellie's death. It is undisputed Barbara Gossman was divorced from Nellie's son, Doyle, at this date.

[¶ 8] In *In re Estate of May,* 331 N.W.2d 578 (S.D.1983), we were called upon to interpret SDCL 10–40–23(3), which provides for exemptions under this chapter. In that case, the question concerned the close relationship of a nephew and his uncle and whether such relationship met the statutory requirements that would permit a greater amount of exempted property than had the relationship not existed. *May* presented our first opportunity to construe this statute, and we looked to New York law for guidance, noting that New York statutes "provide[d] the genesis for SDCL 10–40–23(3)." 331 N.W.2d at 579.[4]

[¶ 9] In interpreting "wife of a son" in SDCL 10–40–21(3), we also look to the New York cases for guidance as this statute was adopted from what is presently cited at N.Y. Tax Law § 221–a (McKinney 1986). The relevant wording of § 221–a is identical to that of SDCL 10–40–21(3). In 1913, the New York courts were called upon to interpret "wife or widow of a son," as that term was used in the predecessor statute, and held that a bequest by a testatrix to her son's wife, who before the death of the testatrix obtained an absolute divorce from the son, was not a bequest to either the "wife" or the "widow" of the son within the state's tax laws which provided a lower rate of inheritance tax to the wife or widow of a son. *In re Merritt's Estate,* 155 A.D. 228, 140 N.Y.S. 13, 15 (N.Y.App.Div.1913). This interpretation has not been overruled or superseded, although the applicable statute has undergone revision several times since the court made its ruling in *Merritt.*[5]

[¶ 10] Although not bound by the *Merritt* holding, we find it persuasive because it also tracks the plain wording of SDCL 10–40–21(3) and our rules of statutory interpretation. "Wife" is defined by Black's Law Dic-

---

**4.** We have noted our accord with the decisions of the New York courts in other cases involving taxation issues. *See* Yadco Inc., v. Yankton Co., 89 S.D. 651, 657, 237 N.W.2d 665, 668 (1975); *Northwestern Nat'l Bank v. Gillis,* 82 S.D. 457, 464, 148 N.W.2d 293, 296 (1967).

**5.** We have reviewed decisions from other jurisdictions having addressed the same or similar issues to the one presented to us by this case. *See In re Estate of Edgett,* 111 Cal.App.3d 230, 168 Cal.Rptr. 686 (1980); *In re Estate of Iacino,* 189 Colo. 513, 542 P.2d 840 (1975); *Lavieri v. Comm'r of Revenue* Serv., 184 Conn. 380, 439 A.2d 1012 (1981); *Farnsworth,* 257 Iowa 280, 132 N.W.2d 477; *Garnett v. Dep't of Revenue &* Taxation, 519 So.2d 373 (La.Ct.App.1988); *Depositors Trust Co. of Augusta v. Johnson,* 222 A.2d 49 (Me.1966); *In re Thompson's Estate,* 169 Neb. 311, 99 N.W.2d 245 (1959); *Johnson v. Davis,* 198 S.W.2d 129, 131 (Tex.Civ.App.1946); *In re Ehler's Estate,* 53 Wash.2d 679, 335 P.2d 823 (1959); *see also* Annotation, *Death or divorce of blood relative as affecting relationship by affinity for purposes of inheritance, succession, or estate tax,* 26 ALR2d 271 (1952). These decisions differ widely in their interpretations due to the statutory language being construed. As a result, we do not find them as helpful as the New York case which interprets the statute from which ours was derived.

tionary 1598 (6th ed. 1990) as "[a] woman united to a man by marriage; a woman who has a husband living and undivorced" and by Webster's Third New International Dictionary 2614 (1976) as "a married woman." We have previously stated that we determine the intent of a statute from what the legislature said, rather than what we think it should have said, and we confine ourselves in making this determination to the language used by the legislature. *M.B. v. Konenkamp,* 523 N.W.2d 94, 97 (S.D.1994); *In re AT & T Info. Sys.,* 405 N.W.2d 24, 27 (S.D.1987). "There should be no strained construction of the statute to effect a result so easily obtained by plain enactment if needed or wanted." *State v. Dailey,* 57 S.D. 554, 565, 234 N.W. 45, 50 (1931).

[¶ 11] Since its enactment in 1915, SDCL 10–40–21 has undergone revision many times, most recently in 1994. We believe the legislature could have easily inserted the word "former" to precede "wife" into the statute if it meant to impose a lesser rate of inheritance tax on divorced wives of decedents' sons. For us to do so by judicial decree, as urged by Estate, would require that we assume a role the constitution forbids. "In interpreting legislation, this court cannot add language that simply is not there." *Helmbolt v. LeMars Mut. Ins. Co.,* 404 N.W.2d 55, 59 (S.D.1987) (citing *Petition of Famous Brands, Inc.,* 347 N.W.2d 882 (S.D.1984); *Boehrs v. Dewey County,* 74 S.D. 75, 48 N.W.2d 831 (1951)); *see In re Adams,* 329 N.W.2d 882, 884 (S.D.1983) ("A court is not at liberty to read into the statute provisions which the legislature did not incorporate, or enlarge the scope of the statute by an unwarranted interpretation of its language."). We hold that the plain meaning of "wife of a son" as it appears in SDCL 10–40–21(3) does not embrace a person who is, at the time of a decedent's death, divorced from decedent's son.

[¶ 12] We note our holding in no way affects a testator's right to bequeath or devise his or her property to anyone and in any amount he or she sees fit. Our decision today does nothing to disparage the close relationship that Estate claims existed between Barbara and Nellie Gossman or limit the bequest made. Our holding merely determines Barbara's status as it pertains to the inheritance tax owed on the transferred property.

[¶ 13] We reverse the judgment of the circuit court and remand with instruction to hold Barbara Gossman's tax payable as a "stranger in blood" under SDCL 10–40–21(5) and render judgment accordingly.

[¶ 14] MILLER, C.J., and SABERS, AMUNDSON, and KONENKAMP, JJ., concur.

