
## IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| ELLIOTT LLC, a Washington limited liability company, | ) ) ) | No. 72668-4-I |
| Respondent, | ) ) ) | DIVISION ONE |
| v. | ) ) ) | |
| NICKEL DRUMWORKS USA, INC., a Texas corporation, d/b/a NICKEL DRUMWORKS, INC.; NICKEL WORKS, INC., a Washington corporation, d/b/a NICKEL DRUMWORKS, INC.; GREGORY NICKEL, an individual and his marital community; SOUND ASYLUM, INC., a Washington corporation, | ) ) ) ) ) ) ) ) ) ) ) | UNPUBLISHED OPINION |
| Appellants. | ) | FILED: June 5, 2017 |

SPEARMAN, J. — Summary judgment is appropriate where there is no genuine question of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). Gregory Nickel appeals the 2014 grant of partial summary judgment to Elliott LLC (Elliott) entering judgment against Nickel personally as guarantor of a business. Nickel asks us to review the 2013 order on summary judgment entering judgment against the business. But there was no question of material fact in either case. We affirm.

FACTS

Nickel owned and operated several businesses referred to collectively as Nickel Works. Nickel Works leased commercial property from Elliott. In addition to monthly base rent, Nickel Works was responsible for utilities, real estate taxes, building insurance, and a share of building maintenance. These amounts constituted "Additional Rent" under the terms of the lease. Clerk's Papers (CP) at 236. Nickel Works defaulted and Elliott filed an unlawful detainer action.

Nickel Works and Elliott engaged in mediation. In October 2011, the parties executed three documents: a settlement agreement, a stipulated judgment, and a guaranty agreement. Under the settlement agreement, Nickel Works remained responsible for base rent and additional rent until the end of the lease on March 31, 2012. In the event of default, the agreement provided that Elliott was entitled to file the stipulated judgment. In the stipulated judgment, the parties agreed that, as of October 17, 2011, Nickel Works owed $74,574.70 in past due rent and $13,000 in attorney fees. The judgment was thus for $87,574.70 with a provision to add the amount of any future defaults. The guaranty agreement provided that Nickel personally guaranteed Nickel Works' obligations under the stipulated judgment.

Nickel Works vacated the property at the end of the lease. The parties disputed whether Nickel Works returned the property to the agreed-upon condition. But it was undisputed that Nickel Works did not pay various real estate tax, insurance, and utility bills for the period between January and March 2012. Relying on the unpaid additional rent, Elliott asserted that Nickel Works defaulted

- 2 -

under the terms of the settlement agreement. Elliott converted its unlawful detainer action to a civil action for damages, sought entry of the stipulated judgment, and moved for partial summary judgment on the amount already determined in the stipulated judgment.

Nickel Works opposed the motion for partial summary judgment, asserting that there were factual issues as to some of the unpaid bills and as to alleged damage to the property. Nickel Works also asserted that Elliott caused any default through its bad faith conduct.

The trial court granted Elliott's motion after hearing on November 8, 2013. The court entered the stipulated judgment against Nickel Works for $87,574.70, the amount the parties agreed was owing in 2011. Nickel Works did not appeal this decision. Liability for the disputed amounts that allegedly accrued from January to March 2012 was to be determined at trial.

The trial was stayed because Nickel filed for bankruptcy. After Nickel voluntarily dismissed his bankruptcy petition, Elliott sought to enforce the stipulated judgment against Nickel personally based on the guaranty. Elliott moved for summary judgment on this issue and a hearing was set on the motion. Nickel did not file opposition to Elliott's motion or appear at the hearing, but he did send an e-mail to the trial court requesting a continuance. The trial court treated this e-mail as a motion to continue, which it denied. The trial court entered judgment for $87,574.70 plus interest against Nickel and his marital community on October 3, 2014.

Nickel appeals.

## DISCUSSION

We review the trial court's grant of summary judgment de novo, performing the same inquiry as the trial court. Ski Acres, Inc. v. Kittitas County, 118 Wn.2d 852, 854, 827 P.2d 1000 (1992). Summary judgment is appropriate where there is no genuine question of material fact and the moving party is entitled to judgment as a matter of law. Id. (citing CR 56(c)).

In his notice of appeal, Nickel sought review of the trial court's October 3, 2014 decision entering judgment against Nickel personally for the stipulated judgment. This decision was based on the guaranty agreement, which states that Nickel guarantees the "full and prompt payment of any and all judgment amounts . . . payable by Nickel Works under the Stipulated Judgment as filed with and entered by the Court." CP at 161.

Below, Nickel did not oppose Elliott's motion for summary judgment on the issue of his personal liability. In his opening brief on appeal, Nickel makes no argument concerning the guaranty or his personal liability.[1] Because the guaranty establishes Nickel's personal liability and Nickel points to nothing in the record creating a question of fact as to his liability, Elliott was entitled to judgment as a matter of law.

---

[1] Nickel briefly asserts that Elliott did not provide sufficient service of process of the October 3, 2014 hearing. He does not dispute that he received service by U.S. mail, but he contends that this was insufficient because he is legally blind and was acting pro se. Nickel did not raise this argument below. We decline to consider the issue as raised for the first time on appeal. RAP 2.5(a).

However, Nickel asks us to review the trial court's November 8, 2013 decision. He asserts that the trial court erred in entering the stipulated judgment because there were questions of material fact as to the amount in default and as to whether Elliott acted in good faith.

Elliott asserts that the 2013 stipulated judgment is not before this court. Elliott contends that, under RAP 2.4(b), we may only review an order not designated in the notice of appeal if it prejudicially affects the designated order. Relying on Right-Price Recreation, LLC v. Connells Prairie Community Council, Elliott asserts that an undesignated order only meets this standard if the two orders are so interrelated that it is impossible to decide the designated order without considering the merits of the underlying order. 105 Wn. App. 813, 819, 21 P.3d 1157 (2001). But our Supreme Court has explained that an order "prejudicially affects" the decision designated in the notice of appeal where the designated decision would not have occurred in the absence of the undesignated order. Right-Price Recreation, LLC v. Connells Prairie Cmty. Council, 146 Wn.2d 370, 380, 46 P.3d 789 (2002). That is the situation here, as the 2014 order would not have occurred absent entry of the stipulated judgment in 2013.

Elliott also asserts that Nickel does not have standing to appeal the stipulated judgment because he was not a party to that judgment. Under RAP 3.1, only an aggrieved party may seek review. An aggrieved party is "one whose personal right or pecuniary interests have been affected." State v. Taylor, 150 Wn.2d 599, 603, 80 P.3d 605 (2003). Elliott contends that the aggrieved parties in the 2013 order were the judgment debtors, Nickel Drumworks USA, Inc., and

Nickel Works, Inc., not Nickel personally. Nickel contends that, because of the guaranty agreement, his personal and pecuniary interests are intertwined with those of the corporations, so that he is an aggrieved party.

A corporation is a separate legal entity, even if it is owned by a single shareholder. State of Cal. v. State Tax Comm'm, 55 Wn.2d 155, 157, 346 P.2d 1006 (1959). Nickel provides no authority for the proposition that a shareholder may appeal an adverse judgment against a corporation or that a guaranty agreement gives a shareholder this right. But even if Nickel is an aggrieved party within the meaning of RAP 3.1, his arguments concerning the stipulated judgment are unavailing.

Nickel argues that partial summary judgment for Elliott was improper because there were material questions of fact concerning the amount owing under the lease. He contends that any amount Nickel Works owed at lease termination totaled far less than $87,574.70, the amount entered in the stipulated judgment. He fails to grasp the nature of the stipulated judgment.

The settlement agreement required that Nickel Works pay base rent and additional rent as detailed in the lease and provided that, in the event of default, Elliott was entitled to file the stipulated judgment. The stipulated judgment listed the amount that Nickel Works owed as of 2011, an amount that Elliott agreed to forgive if Nickel Works met the terms of the settlement agreement. The stipulated judgment also stated that it could be amended to reflect the amount of any future defaults.

The issue before the trial court in Elliott's 2013 motion for partial summary judgment was whether Nickel Works defaulted. Nickel Works admitted that it did not pay all of the amounts due as additional rent but disputed the amount and the circumstances of some unpaid bills. Because Nickel Works admittedly did not pay all of its obligations under the settlement agreement, Elliott was entitled to file the stipulated judgment. The amount specified in the judgment represented the amount that Nickel Works owed as of 2011 and did not reflect amounts accrued in 2012. There was no error.

In his reply brief, Nickel asserts that he received insufficient service of process in the original case. He also argues that summary judgment on his personal liability was inappropriate because there were questions of material fact as to the scope of his personal guarantee and the method of payment. But "[a]n issue raised and argued for the first time in a reply brief is too late to warrant consideration." Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). We affirm the ruling of the trial court.

Elliott requests attorney fees and expenses under the terms of the guaranty and the lease. The guaranty provides that the prevailing party is entitled to recover reasonable attorney fees and costs in any action to enforce the

No. 72668-4-I

guaranty. We award reasonable attorney fees and expenses to Elliott as the prevailing party.

Affirmed.

WE CONCUR:

Spearman, J.

Schindler, J.

Becker, J.