## NOTICE:   SLIP OPINION
## (not the court's final written decision)

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| HOUSING AUTHORITY OF GRANT COUNTY, a Washington municipal corporation, | ) ) ) ) | No. 39089-6-III |
| Respondent, | ) ) | |
| v. | ) ) | PUBLISHED OPINION |
| CHRISTINA PARKER, | ) ) | |
| Appellant. | ) ) | |

PENNELL, J. — Under RCW 59.18.367, a former tenant who was the defendant in an unlawful detainer action may move for a court order prohibiting tenant screening service providers from disclosing the existence of that action to prospective landlords. Issuance of an order for limited dissemination (OLD) is committed to the superior court's discretion. Under the statute, an OLD may be predicated on one of three circumstances: (a) the landlord's case was factually or legally flawed, (b) the tenancy was restored, or (c) "other good cause." RCW 59.18.367(1).

This case concerns "other good cause" as identified in subsection (c) of RCW 59.18.367(1). There is no statutory definition for "good cause" in this context.

No. 39089-6-III
*Hous. Auth. v. Parker*

But the language adopted by the legislature makes plain that good cause for an OLD may be found regardless of the applicability of the other two circumstances specified in subsections (a) and (b). That is, there might be good cause for an OLD even when the prior unlawful detainer action had legal merit and even when the tenancy was not restored. In addition, statutory context indicates the legislature intended the good cause determination to be guided by an assessment of whether the prior unlawful detainer action fairly represents the risk a prior tenant poses to potential future landlords.

The superior court's decision to deny Christina Parker's motion for an OLD was made without the benefit of case law interpreting "good cause" under RCW 59.18.367(1)(c). The court's oral rulings indicate it may have denied an OLD for reasons that are not consistent with the standards set forth in this opinion. We therefore remand this matter for the court to consider whether good cause exists, and whether an OLD should be issued, according to the guidance provided by this opinion.

## FACTS

Beginning in 2013, the Housing Authority of Grant County rented an apartment to Christina Parker. In 2019, the Housing Authority initiated an action against Ms. Parker for unlawful detainer, alleging she had violated her obligation to pay for utilities under the parties' lease agreement. The superior court granted a writ of restitution and

No. 39089-6-III
*Hous. Auth. v. Parker*

Ms. Parker was forcibly ousted in 2020.

In March 2022, Ms. Parker filed a motion in the unlawful detainer action for an OLD, citing RCW 59.18.367(1)(c). Under this statute, a court "may" order tenant screening service providers not to disclose a prior unlawful detainer action to prospective landlords if the tenant shows "good cause." RCW 59.18.367(1)(c). When a tenant obtains an OLD, screening providers are forbidden from disclosing the existence of the prior unlawful detainer action in subsequent tenant screening reports or from using the prior action in determining any recommendations to be included in a tenant screening report. *See* RCW 59.18.367(3).

In support of her motion for an OLD, Ms. Parker submitted a sworn declaration setting forth her case for good cause. Ms. Parker explained there were mitigating circumstances surrounding the reasons for her eviction and failure to pay her utilities, including a loss of transportation that resulted in her losing her job. Ms. Parker asserted she had paid off the debt that led to her eviction, as well as the Housing Authority's legal fees. She attached screenshots purportedly showing proof of payment. Ms. Parker also declared she and her children have continued to be negatively impacted by the 2020 eviction. According to Ms. Parker, the family lives in temporary housing as Ms. Parker has been turned down from five housing opportunities as a result of tenant screening

3

No. 39089-6-III
*Hous. Auth. v. Parker*

providers' automatic reporting of her prior eviction.

The Housing Authority filed only one responsive document: a sworn declaration from its director, Carol Anderson. Ms. Parker objected to the declaration, which was undisputedly untimely under the relevant local court rule. The Anderson declaration accused Ms. Parker of a litany of breaches that were not litigated under the prior unlawful detainer complaint, allegations that Ms. Parker contended were irrelevant to the discrete issue of whether an OLD should be issued.

The superior court orally denied Ms. Parker's motion for an OLD, explaining:

> . . . Okay. I did have a chance to review all of the documents. I did look at the RCW. There is, unfortunately, not any real specific case law on what good cause is. However, in just looking at the terms of what good cause is, I just don't find that this is good cause to order the limited dissemination.
> This wasn't good cause where there was a confusion of maybe possibly not realizing you do have to, you know, leave the home because the homeowner is going to move in and so they think they have a right to stay. This is just, I just can't find sufficient good cause to order the limited dissemination. So, I am going to deny the motion at this time.

1 Rep. of Proc. (RP) (Apr. 1, 2022) at 4-5. The superior court subsequently issued a written order denying Ms. Parker's motion, without any elaboration or analysis. The court's order acknowledged "having reviewed" the untimely declaration from Carol Anderson over Ms. Parker's objection. Clerk's Papers at 59-60.

4

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 39089-6-III
*Hous. Auth. v. Parker*

Ms. Parker moved for reconsideration, arguing the superior court erroneously relied on Ms. Anderson's untimely declaration. The court orally denied Ms. Parker's motion for reconsideration, explaining:

> . . . I'm gonna deny it. . . . I did not make it clear what I took into consideration. I did not take into consideration the [Anderson] declaration. . . .
>
> I just—I can't find based on the information that now there's ramifications for this that it equals good cause. I did, as I said before in the previous hearing, I looked and attempted to determine good cause. I don't think arguing the other court rules . . . is [sic] equivalent to good cause in this case. The statute does have the (a)[,] (b) and (c) prongs. I just can't find that based on the information that is provided and the facts in this case that there is good cause for limiting the dissemination of this unlawful detainer action. So, I am gonna deny the motion to reconsider.

1 RP (May 20, 2022) at 18. The court subsequently entered a written order denying reconsideration, without any additional explanation or analysis.

Ms. Parker appeals.[1]

ANALYSIS

Enacted in 2016, the OLD statute provides as follows:

A court may order an unlawful detainer action to be of limited dissemination for one or more persons if: (a) The court finds that the plaintiff's case was sufficiently without basis in fact or law;

---

[1] A commissioner of this court ruled the superior court's orders were not appealable as a matter of right, but a panel of this court modified the commissioner's ruling and accepted review. *See* Order Granting Motion to Modify Commissioner's Ruling, *Hous. Auth. v. Parker*, No. 39089-6-III (Wash. Ct. App. Nov. 8, 2022).

No. 39089-6-III
*Hous. Auth. v. Parker*

> (b) the tenancy was reinstated under RCW 59.18.410 or other law;
> or (c) other good cause exists for limiting dissemination of the
> unlawful detainer action.

RCW 59.18.367(1).

Because the statute uses the permissive word "'may,'" we review a trial court's

ultimate decision to grant or deny an OLD for abuse of discretion. *See Seattle's Union*

*Gospel Mission v. Bauer*, 22 Wn. App. 2d 934, 938-39, 514 P.3d 710 (2022). However,

the primary issue on appeal concerns whether the superior court properly construed the

phrase "other good cause" as used in RCW 59.18.367(1)(c). We review questions of

statutory interpretation de novo. *See State v. Eaton*, 168 Wn.2d 476, 480, 229 P.3d 704

(2010).

Our fundamental objective in interpreting statutory text is to ascertain and carry

out the legislature's intent. *Lake v. Woodcreek Homeowners Ass'n*, 169 Wn.2d 516, 526,

243 P.3d 1283 (2010). "Statutory interpretation begins with the statute's plain meaning,"

which is discerned from the ordinary meaning of the language at issue, the context of

the statute in which the provision is found, related provisions, and the overall statutory

scheme. *Id*.

As set forth above, the OLD statute provides three bases for relief. Under

subsection (a), an OLD may issue if the landlord's case in the prior unlawful detainer

6

No. 39089-6-III
*Hous. Auth. v. Parker*

action was "sufficiently without basis in fact or law." RCW 59.18.367(1). Subsection (b)

allows the court to issue an OLD if the tenancy was reinstated. *Id*. And subsection (c)

allows for relief based on "other good cause." *Id*. The use of the disjunctive term "or"

to connect the three subsections signifies the legislature's intent that relief may be

awarded under subsection (c) even if the circumstances described in subsections (a) or (b)

are not present. *See Ski Acres, Inc. v. Kittitas County*, 118 Wn.2d 852, 856, 827 P.2d 1000

(1992) ("The [l]egislature would have used the word 'or' if it had intended to convey a

disjunctive meaning."). In other words, the court may find good cause for an OLD even

if a prior unlawful detainer action was lawful and the tenancy has not been reinstated.

The legislature provided additional guidance through its use of the word "other."

Under the canons of *noscitur a sociis* and *ejusdem generis*, the use of the word "other" to

modify a general term can signify legislative intent that the general term shares some sort

of attribute with preceding, more specific terms. *See Wash. State Dep't of Soc. & Health*

*Servs. v. Guardianship Estate of Keffeler*, 537 U.S. 371, 375, 384-85, 123 S. Ct. 1017,

154 L. Ed. 2d 972 (2003). The structure of the OLD statute supports application of this

principle here. As worded, it appears the legislature recognized that the circumstances

set forth in subsections (a) and (b) of RCW 59.18.367(1) would generally constitute

per se good cause for the issuance of an OLD. *See Bauer*, 22 Wn. App. 2d at 938 n.2

7

No. 39089-6-III
*Hous. Auth. v. Parker*

(opining an OLD should "ordinarily" be granted where subsection (a) is satisfied).

But subsection (c) indicates there may be "other good cause" that the legislature could not anticipate. The placement of the word "other" before "good cause" indicates a court has discretion to find good cause separate from the circumstances identified in subsections (a) and (b), but that the good cause inquiry should address concerns similar to those addressed by (a) and (b).

Legislative history provides insight into policy concerns that are relevant to our interpretive process. In enacting the fair tenant screening act, the legislature found that "tenant screening reports purchased from tenant screening companies may contain misleading, incomplete, or inaccurate information, such as information relating to eviction or other court records." LAWS OF 2012, ch. 41 § 1.[2] As recognized by RCW 59.18.367(1)(a), an unlawful detainer action that lacked a legal or factual basis would be an inaccurate indicator of a tenant's history. And consistent with subsection (b)

---

[2] The legislature also found it is often impossible for a prospective tenant to provide an explanation of red flags that show up in these reports until after they have already been rejected by a landlord, "at which point lodging disputes are seldom worthwhile." *Id*. As Division One of this court has recognized, "[r]enters may be 'disqualified from the rental market almost entirely'" on the basis of reports furnished by tenant screening providers. *Bauer*, 22 Wn. App. 2d at 937 (quoting Eric Dunn & Marina Grabchuk, *Background Checks and Social Effects: Contemporary Residential Tenant-Screening Problems in Washington State*, 9 SEATTLE J. SOC. JUST. 319, 320 (2010)).

8

No. 39089-6-III
*Hous. Auth. v. Parker*

of the statute, an unlawful detainer action where the tenancy was ultimately restored

would provide an incomplete picture of a tenant's relationship with their former landlord.

It stands to reason that subsection (c) indicates there are other situations where a prior

unlawful detainer action—even a meritorious one—might provide misleading insight into

an applicant's desirability as a renter.

The Housing Authority appears to agree with much of the foregoing analysis.

It concurs that we should look at subsections (a) and (b) in discerning the meaning of

subsection (c). And it agrees the aforementioned 2012 legislative findings are relevant

to interpreting the meaning of "good cause" under the OLD statute. But the Housing

Authority submits we must limit "other good cause" to situations where a tenant

ameliorated the legal relationship with their former landlord. As an example, the

Housing Authority claims there would be good cause for issuance of an OLD under

RCW 59.18.367(1)(c) if the landlord and a tenant settled a pending unlawful detainer

case with the tenant agreeing to vacate the premises and the landlord agreeing to not

oppose the tenant's request for an OLD. Wash. Court of Appeals oral argument, *Hous.*

*Auth. v. Parker*, No. 39089-6-III (Sept. 5, 2023), at 21 min., 1 sec. through 22 min.,

31 sec., *video recording by* TVW, Washington State's Public Affairs Network,

http://www.tvw.org.

9

No. 39089-6-III
*Hous. Auth. v. Parker*

The Housing Authority's proposed interpretation fails because it is too narrow and too rigid. The legislature's decision not to define "good cause" is indicative of an intent that RCW 59.18.367(1)(c) be an "open-ended basis" for relief. *Bauer*, 22 Wn. App. 2d at 938 n.2. Restricting good cause to a narrow set of legal circumstances between the tenant and landlord would be inconsistent with the statutory text.

As previously explained, the legislature has indicated it seeks to limit the automatic dissemination of misleading, inaccurate, or incomplete information about unlawful detainer proceedings. Our assessment is that subsections (a) and (b) of the OLD statute further this goal because both subsections describe circumstances where the existence of a prior unlawful detainer action usually would not fairly reflect the risk that a given tenant poses to future landlords. An unlawful detainer proceeding that was "without basis in fact or law," RCW 59.18.367(1)(a), may reflect poorly on the prior landlord, but says nothing about the qualifications of the tenant. And where a tenancy was "reinstated," RCW 59.18.367(1)(b), it would appear that the conflict giving rise to the unlawful detainer action has been resolved.

We therefore interpret RCW 59.18.367(1)(c) to allow issuance of an OLD upon a judicial finding of good cause to believe that a prior eviction does not fairly reflect the risk a prior tenant poses to future landlords. Because subsection (c) is an alternative to

10

No. 39089-6-III
*Hous. Auth. v. Parker*

subsections (a) and (b), a court may find good cause even if the prior eviction was lawful

and the tenancy has not been reinstated.[3]

Having set forth the meaning of "other good cause" under subsection (c) of

RCW 59.18.367(1), we turn to Ms. Parker's claim that the superior court abused its

discretion in denying her motion for relief under the OLD statute. The record on review

provides very limited information regarding the superior court's reasons for denying Ms.

Parker's motion. There are no written findings. In its oral ruling, the court indicated an

OLD might be available if "there was a confusion of maybe possibly not realizing [the

tenant] do[es] have to, you know, leave the home." 1 RP (Apr. 1, 2022) at 5.

The superior court's comments suggest it declined to issue an OLD because there

was not some sort of legal deficiency in the unlawful detainer action that would have

caused confusion to Ms. Parker. But an eviction premised on a misleading notice to

---

[3] It is worth noting that an OLD provides only a narrow form of relief. An OLD does not vacate any prior court orders. Nor does it seal from public view the contents of prior unlawful detainer proceedings. Nothing in the OLD statute limits a landlord's ability to ask prospective tenants about whether they have ever been the subject of an unlawful detainer action. The statute merely operates to limit the use of prior unlawful detainer information in a service provider's tenant screening report. *See* RCW 59.18.367(3). The limited impact of an OLD allows trial judges space to grant relief to a tenant without infringing on a prospective landlord's right to information. *Cf. Hundtofte v. Encarnación*, 181 Wn.2d 1, 4, 330 P.3d 168 (2014) (plurality opinion) (prohibiting superior court from redacting the names of defendants in meritless unlawful detainer action given the public's interest in the open administration of the courts).

11

No. 39089-6-III
*Hous. Auth. v. Parker*

vacate would be an eviction of dubious legality. *See Christensen v. Ellsworth*, 162 Wn.2d 365, 372, 173 P.3d 228 (2007) (Proper notice to a tenant is a condition precedent to the superior court's exercise of jurisdiction in an unlawful detainer case.); *IBF, LLC v. Heuft*, 141 Wn. App. 624, 632, 174 P.3d 95 (2007) (Notice is improper if it "deceive[s] or mislead[s]" [a] tenant.). This would implicate subsection (a) of the OLD statute, which allows for an order of limited dissemination when an eviction was issued "without basis in fact or law." RCW 59.18.367(1)(a). But Ms. Parker sought relief under subsection (c) of the statute, not subsection (a).

By apparently conflating the good cause standards of subsections (a) and (c), the superior court committed legal error. While we recognize the court lacked any interpretive guidance in assessing Ms. Parker's claim for relief under subsection (c), the court's legal error still amounts to an abuse of discretion. *See Cook v. Tarbert Logging, Inc.*, 190 Wn. App. 448, 461, 360 P.3d 885 (2015). Remand is therefore required so the superior court can consider Ms. Parker's motion under the appropriate standard.

Ms. Parker objects to a full remand, arguing this court should direct entry of an OLD based on her unrefuted evidence of good cause. We are unpersuaded.

12

No. 39089-6-III
*Hous. Auth. v. Parker*

The assessment of good cause has been allocated to the superior court, not this reviewing court. Furthermore, even though a finding of good cause should "ordinarily" result in an OLD, even this circumstance does not invariably require relief. *Bauer*, 22 Wn. App. 2d at 938 n.2. The only role of our appellate tribunal is to mandate that the superior court correctly interpret the law and that its record be sufficiently detailed to allow for meaningful appellate review. *See, e.g.*, *Maldonado v. Maldonado*, 197 Wn. App. 779, 790-92, 391 P.3d 546 (2017) (finding abuse of discretion where superior court's failure to adequately explain its reasoning hampered appellate review).

Ms. Parker alternatively claims that the evidence on remand should be limited to the information supplied with her initial motion for an OLD. Again, we disagree. On remand, the superior court has discretion to decide the scope of evidence relevant to its assessment of good cause and whether Ms. Parker's prior unlawful detainer action is a fair indicator of the risk Ms. Parker may present to future landlords. To the extent Ms. Parker argues that she should receive an OLD based on information outside the scope of what was presented in the prior unlawful detainer proceeding, the Housing Authority may respond in kind. Evidence presented by both parties should comply with applicable court rules.

13

No. 39089-6-III
*Hous. Auth. v. Parker*

CONCLUSION

The order denying Ms. Parker's request for an OLD is reversed and we remand

for further proceedings. We deny both parties' unsupported requests for attorney fees.[4]

As the substantially prevailing party, Ms. Parker is entitled to costs under RAP 14.2.

_____
Pennell, J.

WE CONCUR:

_____
Lawrence-Berrey, A.C.J.

_____
Staab, J.

---

[4] Ms. Parker has cited RCW 4.84.040 in support of her request for attorney fees. However, this provision has no application to this case.

14