#25237-rev & rem-SLZ

**2010 SD 5**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

CITY OF DEADWOOD                                    Plaintiff and Appellant,

  v.

M. R. GUSTAFSON FAMILY TRUST,               Defendant and Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE FOURTH JUDICIAL CIRCUIT
LAWRENCE COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE WARREN G. JOHNSON
Judge

\* \* \* \*

JASON A. CAMPBELL
City of Deadwood                                    Attorney for plaintiff
Deadwood, South Dakota                        and appellant.

ROGER A. TELLINGHUISEN
MARYA VROOMAN TELLINGHUISEN of
Tellinghuisen & Gordon, PC                     Attorneys for defendant
Spearfish, South Dakota                          and appellee.

\* \* \* \*

CONSIDERED ON BRIEFS
ON NOVEMBER 16, 2009

OPINION FILED **01/13/10**

#25237

ZINTER, Justice

[¶1.]        The M.R. Gustafson Family Trust (Gustafson) sought to demolish a building located in the City of Deadwood (City).  The building was included on both the national and state registers of historic places.  The City informed Gustafson that, under a City ordinance, review and permitting by the local Historic Preservation Commission (HPC) was necessary to demolish the building.  Gustafson contended that such a review was not required under a proper interpretation of the statute authorizing the City ordinance.  The City sued, and Gustafson counterclaimed to determine whether HPC review and permitting were required.  The circuit court granted declaratory relief allowing Gustafson to demolish the building without HPC review.  We reverse.

*Facts and Procedural History*

[¶2.]        Gustafson is the owner of the "Sinclair Station," a former gas station located at 300 Main Street in Deadwood.  The building has been unoccupied for years.  Although the City had not adopted an ordinance designating the building as a local historic property under SDCL 1-19B-20 through 24,[1] the property was listed as a historic property on both the national and state registers of historic places.

---

1.    These statutes prescribe a procedure by which cities may adopt ordinances designating properties within cities as local historic properties.  If a property is designated as a local historic property, the HPC may then require a 180-day waiting period in which the parties negotiate alternatives to demolition, alteration, remodeling, or removal.  *See* SDCL 1-19B-23 and 27.  Although the City has not attempted to invoke this 180-day waiting period in accordance with SDCL 1-19B-21 through 24, the circuit court concluded that these local designation statutes were incorporated within SDCL 1-19B-62, the statute we are reviewing on appeal.  Because the local designation

(continued . . .)

-1-

#25237

_____

(. . . continued)

statutes necessary to invoke the 180-day waiting period were incorporated by the circuit court, they are set forth below.

SDCL 1-19B-20 provides:

> The local governing body of any county or municipality may adopt an ordinance designating one or more historic properties on the following criteria: historical, architectural, archaeological, and cultural significance; suitability for preservation or restoration; educational value; cost of acquisition, restoration, maintenance, operation, or repair; possibilities for adaptive or alternative use of the property; appraised value; and the administrative and financial responsibility of any person or organization willing to underwrite all or a portion of such costs. In order for any historic property to be designated in the ordinance, it must in addition meet the criteria established for inclusion of the property in the state register of historic places established pursuant to chapter 1-19A. No ordinance designating an historic property pursuant to this section may be adopted until the procedural steps set forth in §§ 1-19B-21 to 1-19B-24, inclusive, have been taken.

SDCL 1-19B-21 provides:

> Before an ordinance designating an historic property is adopted pursuant to § 1-19B-20, the local historic preservation commission shall make an investigation and report on the historical, architectural, archaeological or cultural significance of the property in question.

SDCL 1-19B-22 provides:

> Before an ordinance designating an historic property is adopted pursuant to § 1-19B-20, the local governing body shall hold a public hearing on the proposed ordinance, after giving sufficient written notice to the owners and occupants of the property and posting public notice in its normal manner.

SDCL 1-19B-23 provides:

> For each designated historic property, an ordinance adopted pursuant to §§ 1-19B-20 to 1-19B-24, inclusive, shall require

(continued . . .)

[¶3.]     SDCL 1-19B-62 authorizes cities to enact ordinances requiring review by local HPCs before any undertaking that may destroy a historic property listed on the national or state registers of historic places. The statute contains no requirement that the property must also have been designated by city ordinance as a local historic property pursuant to SDCL 1-19B-20 through 24. The decision to approve or deny a permit must, however, be based on the U.S. Department of the Interior Standards for Historic Preservation Projects codified in 36 C.F.R. 67 as of January 1, 1994. The statute provides in relevant part:

> Any county or municipality may enact an ordinance requiring a county or municipal historic preservation commission to review any undertaking, whether publicly or privately funded, which will encroach upon, damage, or destroy *any historic property included in the national register of historic places or the state register of historic places.* The ordinance may require the issuance of a permit before any undertaking which will encroach upon, damage, or destroy historic property may proceed. The decision to approve or deny a permit shall be based on the U.S. Department of the Interior Standards for Historic Preservation Projects codified in 36 C.F.R. 67 as of January 1, 1994.

_____
(. . . continued)

> that the waiting period set forth in § 1-19B-27 be observed prior to its demolition, material alteration, remodeling or removal. The ordinance shall also provide for a suitable sign or marker on or near the property indicating that the property has been so designated.

SDCL 1-19B-24 provides:

> Upon adoption of an ordinance pursuant to § 1-19B-20, the owners and occupants of each designated historic property shall be given written notification of such designation by the local governing body. One copy of the ordinance shall be filed by the local historic preservation commission in the office of the register of deeds for the county in which the property is located.

SDCL 1-19B-62 (emphasis added).

[¶4.] The City adopted an ordinance giving its HPC these powers. Deadwood City Ordinance DCO 17.68.020(C)(11) requires the Deadwood HPC to "review and to issue or deny a permit for any undertaking or project . . . which will encroach upon, damage, or destroy *any* historic property included in the *National Register* of Historic Places or the *State Register* of Historic Places[.]" (Emphasis added.) Like SDCL 1-19B-62, the ordinance applies to any national or state registered historic property. The ordinance contains no requirement that the property must also be locally designated as a historic property pursuant to SDCL 1-19B-20 through 24.

[¶5.] Gustafson informed the City of his intent to demolish the Sinclair Station. The City objected to the undertaking absent review and permitting by the HPC. Because the parties disagreed whether review and permitting was required, the City commenced this action to enjoin demolition. Gustafson counterclaimed for a declaration that, under the statute and ordinance, the HPC lacked jurisdiction over property that was not locally designated as "historic" by a city ordinance pursuant to SDCL 1-19B-20 through 24. After a bench trial, the circuit court held that "[b]ecause the Sinclair [S]tation has not been designated by local ordinance as 'a historic property,' . . . City may not require a demolition permit be obtained from the [HPC]."

*Decision*

[¶6.] The issue in this case involves statutory construction. Our standard of review and rules of statutory construction are well settled:

Questions of law such as statutory interpretation are reviewed by the Court de novo. . . . The purpose of statutory construction is to discover the true intention of the law which is to be ascertained primarily from the language expressed in the statute. The intent of a statute is determined from what the legislature said, rather than what the courts think it should have said, and the [C]ourt must confine itself to the language used. Words and phrases in a statute must be given their plain meaning and effect. When the language in a statute is clear, certain and unambiguous, there is no reason for construction, and the Court's only function is to declare the meaning of the statute as clearly expressed.

Martinmaas v. Engelmann, 2000 SD 85, ¶ 49, 612 NW2d 600, 611.

[¶7.]     We must determine whether SDCL 1-19B-62, the statute authorizing DCO 17.68.020(C)(11), limits the HPC's power to review national and state historic properties to only those that have also been locally designated a historic property.[2] Although Gustafson's local designation requirement is not within the text of the statute, the circuit court incorporated SDCL 1-19B-21 through 24's local designation requirements into SDCL 1-19B-62. The circuit court believed that the Legislature intended SDCL 1-19B-62 to "supplement" the local designation

---

2.     Gustafson argues that "[r]eading SDCL 1-19B-62 alone [without incorporating other provisions of the chapter requiring a local designation] is 'untenable' and creates an absurd result." He explains that reading the statute alone "nullifies the rest of Ch. 1-19B as it gives HPC control over all historic properties within the City of Deadwood, even properties located within a locally designated historic district, which by statute, [are] under the jurisdiction of [a different commission, i.e.,] the Historic District Commission." The City, however, points out that because this property is not within a locally designated historic district, the issue of conflicting concurrent jurisdiction is not before the Court. We further observe that Gustafson cites no authority suggesting that concurrent jurisdiction over historic properties is legally impermissible. If anything, the federal, state, and local jurisdictional scheme already in place would suggest otherwise. In any event, for the reasons explained in this opinion, we do not reach this argument.

statutes.[3] The plain language of the statute does not support the circuit court's conclusion.

[¶8.]    The language of SDCL 1-19B-62 is clear, certain, and unambiguous. It provides that the HPC may review "any" historic property "included in the national register of historic places or the state register of historic places." There is nothing in the text of the statute, or any other provision of SDCL ch 1-19B, requiring a local designation before a HPC may exercise the permitting power granted by the statute. Consequently, as we have said many times, we do not utilize statutory construction aids to ascertain what the Legislature may have intended. In these circumstances, "the Court's only function is to declare the meaning of the statute as clearly expressed." *Martinmaas,* 2000 SD 85, ¶ 49, 612 NW2d at 611.[4]

---

3.    The circuit court also mentioned in its memorandum decision and in its conclusions of law that the Legislature intended to incorporate the local designation requirements to afford property owners the constitutional due process rights to notice and opportunity to be heard. Gustafson repeats that concern on appeal. Neither the circuit court nor Gustafson, however, cited authority supporting a specific due process violation. Furthermore, the parties have not informed us of the extent of their due process concerns in light of the state and national registrations and the fact that the HPC's decision must be based on the U.S. Department of the Interior Standards for Historic Preservation Projects as well as other applicable City ordinances. In the absence of argument and supporting authority, we decline to address any due process issues in this case.

4.    Because we do not engage in statutory construction when the words of the statute are clear and unambiguous, we reject Gustafson's argument that incorporation of the local designation statutes is required under the statutory construction aid of *in pari materia.* Furthermore, even if statutory construction were required, the rule of *in pari materia* is inapplicable. The rule applies when statutes "relate to the same person or thing, to the same class of person[s] or things, or have the same purpose or object." Lewis and Clark Rural Water Sys. Inc. v. Seeba, 2006 SD 7, ¶ 15, 709 NW2d 824, 831. In this case, SDCL 1-19B-62 and the local designation statutes have different

(continued . . .)

[¶9.]     In this case, the circuit court's incorporation of statutes not mentioned in the text of SDCL 1-19B-62 would add an additional requirement that is not found in the statute. Had the Legislature intended to include a local designation requirement, it would have included that requirement in SDCL 1-19B-62. After all, SDCL 1-19B-20 through 24 were in existence at the time the Legislature enacted SDCL 1-19B-62. "A court is not at liberty to read into the statute provisions which the [L]egislature did not incorporate[.]" *In re* Adams, 329 NW2d 882, 884 (SD 1983) (quoting Red Bird v. Meierhenry, 314 NW2d 95, 96-97 (SD 1982)). "[F]or us to [add a statutory requirement] by judicial decree, as urged by [Gustafson], would require that we assume a role the [C]onstitution forbids. 'In interpreting legislation, this [C]ourt cannot add language that simply is not there.'" *See In re* Estate of Gossman, 1996 SD, 124, ¶ 11, 555 NW2d 102, 106 (quoting Helmbolt v. LeMars Mut. Ins. Co*.,* 404 NW2d 55, 59 (SD 1987) (additional citations omitted)). We therefore conclude that if SDCL 1-19B-62 (the state and national designation requirement) should "supplement" the local designation statutes, that is a function for the Legislature, not the courts.

---

(. . . continued)
     purposes and relate to different things. SDCL 1-19B-62 deals with the review and permitting of undertakings regarding national and state historic properties in accordance with federal regulations. SDCL 1-19B-20 through 24 deal with a local waiting period to allow negotiation to find alternatives to the demolition, material alteration, remodeling or removal of properties that are of local historical significance.

#25237

[¶10.] Reversed and remanded for further proceedings consistent with this opinion.

[¶11.] GILBERTSON, Chief Justice, and KONENKAMP and SEVERSON, Justices, concur.

[¶12.] MEIERHENRY, Justice, concurs with a writing.


MEIERHENRY, Justice (concurring).

[¶13.] I concur with the majority opinion. I write specifically to emphasize that the result of this opinion is that Gustafson is required under the city ordinance to come before the HPC for a demolition permit. The Deadwood City Ordinance requires the HPC to review a permit to demolish as follows:

> In addition to any review by the city's planning and zoning commission and/or building official, to review and to issue or deny a permit for any undertaking or project, whether publicly or privately funded, which will encroach upon, damage or destroy any historic property included in the National Register of Historic Places or the State Register of Historic Places, which decision to approve or deny shall be based upon the United States Department of the Interior Standards for Historic Preservation Projects codified in 36 CFR 67 as of January 1, 1994. Properties owned by the state of South Dakota are exempt from this review. This section shall not apply to any project or undertaking which the historic preservation commission or its staff determines will not encroach upon, damage or destroy any historic property. *Such determination shall be based upon the guidelines adopted by the Deadwood historic preservation and district commission(s)*[.][5]

DCO 17.68.020(C)(11) (emphasis added). This language provides Gustafson with the same procedural protections that an owner of locally designated historic

---

5. These guidelines are found at DCO 17.68.050.

-8-

property would receive.  Therefore, Gustafson still has the right to a hearing on the permit request, and the HPC must consider his permit request under the same criteria as other local, state, or national historically designated property.