#25414-aff in pt, rev in pt & rem-SLZ

**2010 SD 56**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

Conservatorship of EVELYN E. DIDIER,
a person alleged to need protection.

* * * *

APPEAL FROM THE CIRCUIT COURT
OF THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

* * * *

HONORABLE JANINE KERN
Judge

* * * *

JOHN K. NOONEY
ROBERT J. GALBRAITH of
Nooney, Solay & Van Norman, LLP          Attorneys for appellant
Rapid City, South Dakota                 Barbara Didier-Stager.

FRANK A. BETTMANN of
Bettmann, Hogue, & Diedrich, Prof LLC     Attorneys for appellee
Rapid City, South Dakota                  Great Western Bank.

* * * *

CONSIDERED ON BRIEFS
ON MAY 24, 2010

OPINION FILED **06/30/10**

#25414

ZINTER, Justice.

[¶1.] Great Western Bank (Conservator) moved to declare itself the sole trustee of the Evelyn E. Didier Living Trust (Evelyn Trust) and the successor co-trustee of the Nicholas L. Didier Living Trust (Nicholas Trust) in place of Evelyn E. Didier, a protected person. Barbara Didier-Stager (Barbara), Evelyn's daughter and a beneficiary of the trusts, objected. Barbara argued that the Guardianship and Conservatorship Act (SDCL ch 29A-5) does not authorize a conservator to replace a protected person as trustee when the successor-trustee clause of the trust provides for a different successor trustee upon the protected person's inability to act. The circuit court disagreed, authorizing the Conservator to exercise the power of the trustee "in the place and stead of Evelyn" in both trusts. Barbara appeals. We affirm in part, reverse in part, and remand.

[¶2.] Before this trustee dispute, James Didier petitioned for the appointment of a conservator for Evelyn E. Didier's estate and financial affairs. Evelyn was eighty-three years old at the time. There is no dispute that she suffered from memory deficiencies, intermittent confusion, and impaired judgment. The circuit court noted that all parties, including Evelyn, consented or otherwise agreed that she was impaired and lacked the capacity to properly manage her property and financial affairs without assistance or protection of a conservator. Further, financial disputes affecting the trusts had developed between her beneficiary children James and Barbara. The court found that the appointment of a conservator was also necessary to protect Evelyn from neglect, exploitation, and abuse. The court appointed Great Western Bank as Conservator. This trustee

-1-

dispute developed when the Conservator subsequently moved to act in the place of Evelyn in the trusts.

[¶3.]        The Evelyn Trust is a revocable living trust that was last restated in 2008.  Evelyn is the trustor, and before this action, she was the sole trustee.  The trust has a successor-trustee clause, which provides:

> During the Grantor's life, if EVELYN E. DIDIER, is unwilling or unable to serve as Trustee, then [BARBARA] and [JAMES DIDIER] shall act as successor Co-Trustees.  If either [BARBARA] or [JAMES DIDIER] is unwilling or unable to serve as Co-Trustees, then the other may serve alone.

Another clause in the trust authorizes Evelyn to change the trustee at any time.[1] The beneficiaries of the trust are Evelyn, Barbara, and James.

[¶4.]        The Nicholas Trust was created in 1993.  Nicholas, who is now deceased, was Evelyn's husband, and Barbara and James's father.  Nicholas was the trustor, and before this action, Barbara and Evelyn were co-trustees.  The Nicholas Trust has a successor-trustee clause, which provides:

> Nicholas [ ] is appointed to serve as Trustee.  If the Trustee ceases or is unable to act, [Evelyn] and daughter [Barbara] shall be successor Co-Trustees.  In the event of the death or other inability to act as Co-Trustee of either [Evelyn] or [Barbara], then my daughter-in-law, Kathy M. Didier, shall act with the remaining Co-Trustee.  In the event of the death or other inability to act as Co-Trustee of both [Evelyn] and [Barbara], then Norwest Bank . . . shall act as sole Trustee.

The beneficiaries of the trust are Evelyn, James, and Barbara.

---

1.        The clause provides:  "The Grantor (trustor) may at any time remove any one or all of the Trustees of this trust and appoint a successor or successors by an instrument in writing signed by the Grantor (trustor) and delivered to the Trustee or Trustees."

[¶5.]     There is no dispute that Evelyn is incompetent and the successor-trustee clauses make specific provision for successor trustees other than Evelyn's Conservator upon her inability to act. Nevertheless, the circuit court concluded that SDCL 29A-5-420(3) authorized Evelyn's Conservator to act as the sole trustee of the Evelyn Trust and co-trustee of the Nicholas Trust in the place and stead of Evelyn.[2] Barbara argues that the circuit court erred because SDCL 29A-5-420(3) does not authorize conservators to replace trustees in trusts containing successor-trustee clauses that provide for different successor trustees upon the existing trustee's inability to act.

[¶6.]     This issue involves statutory interpretation. "Questions of law such as statutory interpretation are reviewed by the Court de novo." City of Deadwood v. M.R. Gustafson Family Trust, 2010 SD 5, ¶ 6, 777 NW2d 628, 631 (citation omitted).

[¶7.]     The relevant portion of South Dakota's Guardianship and Conservatorship Act provides:

> Upon petition therefor, the court may authorize a conservator to exercise any of the powers *over the estate or financial affairs* of a protected person *which the protected person could have exercised if present and not under conservatorship,* including the powers:

---

2.    The order provides:

> [P]ursuant to SDCL 29A-5-420(3), the Court hereby authorizes the Conservator (Great Western Bank) to exercise authority as the sole Trustee in place of Evelyn E. Didier relative to the Evelyn E. Didier Living Trust . . . and to exercise authority as Co-Trustee (with Barbara Stager) in the place of Evelyn E. Didier with regard to the Nicholas L. Didier Living Trust . . ., the Court hereby declaring that the Conservator has such authority to act in the place and stead of the protected person, Evelyn E. Didier.

> . . .
>
> (3)   To amend or revoke trusts, or to create or make additions
> to revocable or irrevocable trusts, even though such
> trusts may extend beyond the life of the protected person;
> . . .
> The court, in authorizing the conservator to exercise any of the
> above powers, shall primarily consider the decision which the
> protected person would have made, to the extent that the
> decision can be ascertained.

SDCL 29A-5-420 (emphasis added).

*Application to the Evelyn Trust*

[¶8.]      The circuit court concluded that SDCL 29A-5-420(3) authorized the
Conservator to exercise authority as the sole trustee in place of Evelyn. Barbara,
however, points out that the Conservator's replacement of Evelyn as trustee
conflicted with the successor-trustee clause of the trust. Barbara also points out
that even though SDCL 29A-5-420(3) authorizes conservators to amend trusts
(which would include amendment of a successor-trustee clause), a conservator may
only exercise powers over "the estate or financial affairs" of a protected person that
the protected person "could have exercised if . . . not under conservatorship." *See id.*
Barbara argues that Evelyn's *trustee* estate and financial affairs before her
conservatorship did not involve or include the power to amend the successor-trustee
clause. Therefore, Barbara contends that Evelyn – and the Conservator and court –
had no power to effectively amend the successor-trustee clause by appointing a
replacement trustee other than the one designated in that clause. We agree.

[¶9.]      Barbara correctly notes that the Conservator was only proposing to act
in Evelyn's capacity as a *trustee*. And, in her capacity as a trustee, Evelyn never
possessed any pre-conservatorship power to amend the successor-trustee provision

of her trust. "A trustee must fulfill the purposes of the trust as declared at its creation, or as subsequently amended, and must follow all the directions of the trustor given at that time, except as modified by the consent of all parties interested, and upon approval by the court." SDCL 55-3-5. Therefore, when acting in her capacity as a trustee, Evelyn had no pre-conservatorship power to amend the successor clause. And, because SDCL 29A-5-420(3)'s trust amendment authority is limited to powers the protected person could have exercised before the conservatorship, the statute conferred no authority to effectively amend the successor-trustee clause after the conservatorship. We conclude that the statute did not authorize the Conservator and court, when acting for the benefit of Evelyn's estate and financial affairs as *trustee*, to effectively amend the successor-trustee clause by authorizing a successor trustee other than the one designated in that clause.[3]

[¶10.]        Evelyn, however, was also the trustor of the Evelyn Trust, and Barbara concedes that Evelyn, in her capacity as trustor, had express power to amend the trust before her incapacity. That pre-conservatorship power included the power to change the successor-trustee clause. Because Evelyn had the power to amend the successor clause before her conservatorship, SDCL 29A-5-420(3) authorized the Conservator and the court, when acting for the benefit of the estate and financial

---

3.    Although Evelyn is also a beneficiary, the analysis is the same. The estate and financial interests of a trust beneficiary do not include the power to amend the trust.

affairs of Evelyn in her capacity as trustor, to amend the successor-trustee clause making the Conservator the successor trustee.

[¶11.]     Barbara acknowledges Evelyn's trust powers as trustor, but points out that under SDCL 55-3-24,[4] all beneficiaries must consent to an amendment, and she does not consent. Assuming for the sake of argument that SDCL 55-3-24 is not preempted by SDCL 29A-5-420(3) in this type of case, the former statute only provides that *irrevocable* trusts may not be amended or revoked without the consent of all beneficiaries. Because the Evelyn Trust is revocable, SDCL 55-3-24 is inapplicable, and Barbara's consent as a beneficiary was not necessary. *See also* Restatement (Third) of Trusts § 74(1)(b) (2007) (discussing revocable trusts and noting that "[t]he rights of the beneficiaries are exercisable by and subject to the control of the settlor [trustor]").[5]

---

4.     SDCL 55-3-24 provides in part:

> An irrevocable trust may be modified or terminated upon the consent of all of the beneficiaries if continuance of the trust on its existing terms is not necessary to carry out a material purpose. Whether or not continuance of the trust on its existing terms is necessary to carry out a material purpose, an irrevocable trust may be modified or terminated upon the consent of the trustor and all of the beneficiaries.

5.     A comment to Section 74 also provides, "[b]ecause the settlor who holds a power of revocation has full authority to revoke or amend the trust, the settlor can properly extinguish or modify the rights and interests of any and all of the beneficiaries." Restatement (Third) of Trusts § 74(1)(b) cmt. d (2007).

#25414

[¶12.]     We conclude that Evelyn's pre-conservatorship estate and financial affairs as trustor included the power to amend the successor-trustee clause.[6] Therefore, notwithstanding that clause, SDCL 29A-5-420(3) authorized the Conservator to effectively amend the successor-trustee clause by replacing Evelyn as the trustee.[7]

---

6.     Barbara suggests that the Evelyn Trust must be amended before the Conservator may serve as a replacement Trustee. But Barbara fails to cite authority requiring that procedurally, a formal motion to amend must precede the Conservator's motion to effectively amend by appointing the Conservator as a successor trustee. Because that procedural issue has not been briefed, we do not address it. We conclude that, based on the nature of the Conservator's motion, an amendment of the successor-trustee clause occurred.

7.     Conservator alternatively argues that the successor-trustee clause was not triggered because the Evelyn Trust requires that in the event Evelyn becomes "unwilling or unable to serve," she provide a written notice of resignation, something she has not done. Conservator also notes that there is no physician statement providing that Evelyn is incapable of making financial decisions, making her "unable to serve" under the terms of the trust. But Conservator did not appeal or contest the circuit court's conservatorship, which was based on the court's finding that Evelyn was impaired to such an extent that she lacked the capacity to properly manage her property and financial affairs without the assistance or protection of a conservator. Therefore, we reject Conservator's argument that Evelyn was able to serve as trustee. For the same reason, Conservator may not argue Evelyn was able to serve as trustee in the Nicholas Trust.

*Application to the Nicholas Trust*

[¶13.]     The circuit court also concluded that SDCL 29A-5-420(3) authorized the Conservator to replace Evelyn and exercise authority as co-trustee (with Barbara) in the Nicholas Trust. Barbara, however, notes that unlike the Evelyn Trust, Evelyn is not a trustor of the Nicholas Trust. Therefore, Barbara reasserts that Evelyn's powers relating to her estate and financial affairs as trustee did not include the power to amend the successor-trustee clause. And, for that reason, Barbara again contends that SDCL 29A-5-420(3) did not authorize the circuit court to appoint a successor trustee other than the person named in the successor-trustee provision of the trust. We agree for the reasons previously discussed.[8]

[¶14.]     Conservator, however, argues that the list of powers in SDCL 29A-5-420 is not exclusive, noting that the statute uses the word "including" in referencing enumerated powers. *See* SDCL 29A-5-420. Conservator argues that the non-enumerated powers include the implied power to step into Evelyn's shoes and exercise her trustee powers. Conservator did not, however, simply seek to step into Evelyn's shoes to make a trustee decision for Evelyn. Conservator moved to declare

---

8.     Conservator suggests that both Kathy M. Didier and Norwest Bank declined to be co-trustees. Therefore, Conservator argues that there is a trustee vacancy, and the circuit court had authority to remove the trustee (Evelyn), who was unfit, and appoint a trustee of its choosing to fill the vacancy. *See* SDCL 55-3-20 ("The circuit court may remove any trustee who . . . is unfit to execute his trust. It may appoint a trustee whenever there is a vacancy and the declaration of trust does not provide a practicable method of appointment."). But the record does not indicate that Norwest Bank (Wells Fargo) filed a declination and consent. Additionally, Kathy's written declination is contingent upon Conservator being appointed as a co-trustee and it is expressly rescinded should Conservator not serve as co-trustee. Therefore, this record does not support the conclusion that a vacancy exists.

itself the "successor" trustee "in place of Evelyn" notwithstanding a conflicting successor-trustee clause. Therefore, the pre-conservatorship power to amend the trust was necessary. But, as discussed above, Evelyn's pre-conservatorship estate and financial interests as a trustee did not include the express or implied power to amend the trust.

*Conclusion*

[¶15.]     Regarding the Evelyn Trust, we affirm the circuit court's order authorizing Conservator to exercise authority as the sole trustee in place of Evelyn. We do so because Evelyn was the trustor whose estate and financial interests included the power to amend the successor-trustee clause. As to the Nicholas Trust, we reverse the circuit court's order authorizing the Conservator to become the successor co-trustee. We reverse because there was a conflicting successor-trustee clause, and Evelyn's estate and financial interests as a trustee did not include the power to amend that clause. This matter is remanded for further proceedings consistent with this opinion.

[¶16.]     GILBERTSON, Chief Justice, and KONENKAMP, MEIERHENRY, and SEVERSON, Justices, concur.