#25771-rev & rem-JKM

**2011 S.D. 37**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

INTERNATIONAL UNION OF
OPERATING ENGINEERS,                      Plaintiff and Appellant,

   v.

CITY OF PIERRE,                                Defendant and Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SIXTH JUDICIAL CIRCUIT
HUGHES COUNTY, SOUTH DAKOTA

* * * *

HONORABLE LORI S. WILBUR
Judge

* * * *

TODD A. LOVE of
Schmidt, Schroyer, Moreno,
  Lee & Bachand PC                        Attorneys for plaintiff
Pierre, South Dakota                        and appellant.

A. STEVENSON BOGUE of
McGrath, North, Mullin
  & Kratz, PC LLO                         Attorneys for defendant
Omaha, Nebraska                            and appellee.

* * * *

ARGUED ON APRIL 28, 2011

OPINION FILED **07/06/11**

#25771

MEIERHENRY, Retired Justice

[¶1.]　　　　In August 2009, the City of Pierre (City) and the International Union of Operating Engineers (Union)[1] began collective bargaining negotiations for employment contracts to take effect in January 2010. After many attempts, the parties were unable to reach an agreement. In March 2010, the City declared that the parties were at an impasse. The City then imposed the terms and conditions of one of its previously proposed contracts. This imposed contract was not the last best offer and differed from the contract that had been in place. The Union indicated that it had rejected the City's previously proposed contract, in part, because it included "take aways" that the Union sought to avoid.

[¶2.]　　　　After receiving confirmation of the imposition of the previously rejected contract, the Union filed for conciliation and fact-finding with the South Dakota Department of Labor (Department) under SDCL 3-18-8.1. The Union then argued that the City could not impose the previously rejected contract until after the Department's conciliation and fact-finding process was complete. In response, the City argued that the conciliation and fact-finding process was permissive, not mandatory, and therefore it could unilaterally impose a contract any time after impasse was declared. The trial court agreed with the City. The question before this Court is whether the City was permitted to impose a previously rejected contract before the Department's conciliation and fact-finding process was

---

1.　　　Since 2005, the Union has been the recognized bargaining unit for two separate groups. The first is comprised of the police and dispatch employees. The second is comprised of City employees, other than the electrical department and police department.

complete. We hold that the City could not impose a previously rejected contract until the Department's conciliation and fact-finding was complete.

## Analysis

[¶3.]     In South Dakota, public employees are permitted to "negotiate matters of pay, wages, hours of employment, or other conditions of employment" through collective bargaining. *See Bon Homme Cnty. Comm'n v. Am. Fed'n of State, Cnty, and Mun. Emps. (AFSCME), Local 1743A*, 2005 S.D. 76, ¶ 13, 699 N.W.2d 441, 448 (citing SDCL ch. 3-18 *et seq*.). "Employers and employees are required to 'negotiate collectively in good faith[.]'" *Id.* (quoting SDCL 3-18-3.2(4); SDCL 3-18-2). And "[a]lthough we have no explicit definition of the term 'negotiate collectively in good faith,' we interpret this requirement to mean that the parties must seriously work to resolve differences and reach a common understanding." *Id.* Because this case requires interpretation and application of statutes, our review is de novo. *Id.* ¶ 11. *See City of Deadwood v. M.R. Gustafson Family Trust*, 2010 S.D. 5, ¶ 6, 777 N.W.2d 628, 631 (citation omitted).

[¶4.]     The relevant statutes dealing with impasse in public sector collective bargaining are SDCL 3-18-8.1, SDCL 60-10-1, and SDCL 60-10-2. When an impasse is reached, either party may request Department intervention under SDCL 3-18-8.1:

> In case of impasse or failure to reach an agreement in negotiations conducted under the provisions of this chapter, *either party may request the Department of Labor to intervene under the provisions of §§ 60-10-1 to 60-10-3, inclusive.* Such request shall be mailed within ten days after a written statement is delivered to the designated representative for the other party declaring an impasse. Nothing in this section

> prohibits the parties to an impasse from adopting any other procedure to facilitate a settlement that is mutually agreeable.

(Emphasis added). Once the request is made, the Department "shall endeavor to conciliate the parties to the controversy and induce them to confer with each other and compose their differences." SDCL 60-10-1.[2] If conciliation under SDCL 60-10-1 is unsuccessful, the Department must undertake further actions to investigate, enter findings, and make recommendations under SDCL 60-10-2, which provides:

> If its efforts as conciliator prove unsuccessful, the Department of Labor shall, if requested by either party, impartially investigate the matters in difference between the parties. The request to the department shall be mailed within twenty days after the conclusion of the conciliation procedure provided for in § 60-10-1. The department shall give each party ample opportunity for presentation of the facts and shall make a report of the issues involved and a recommendation for settlement of the controversy. The department shall furnish a copy of its recommendation to each of the parties and to any local newspaper for publication for the information of the public.[3]

[¶5.] The central question before this Court is whether SDCL 3-18-8.1 requires the City to participate in the conciliation process before it can unilaterally impose an employment contract. The City claims that the statute's language is not mandatory and that the City has the option to decline to participate in the

---

2. SDCL 60-10-1 in its entirety provides:

> In case of strikes, lockouts, or other labor disputes between employers and employees, the Department of Labor requested by either party, shall endeavor to conciliate the parties to the controversy and induce them to confer with each other and compose their differences.

3. SDCL 60-10-3, the other statute cited in 3-18-8.1, provides that the secretary of labor has the authority to appoint two citizens to assist with the investigation related to the dispute. Neither party contends that this statute applies under the facts of this case.

conciliation process. Council for the City, however, conceded at oral argument that a city's non-participation could demonstrate a lack of good faith bargaining as required by SDCL 3-18-2(4), SDCL 60-9A-12(5), and SDCL 60-9A-13(4). The City also relies on the absence of statutory language regarding unilateral imposition of contracts, especially because the Legislature addressed unilateral imposition of contracts when the Department intervenes in teacher-school district negotiations. *See* SDCL 3-18-8.2.

[¶6.] In *Bon Homme County Commission*, we outlined the general procedure contemplated by SDCL 3-18-8.1:

> If negotiations are not successful, SDCL 3-18-8.1 permits either party to request Department of Labor conciliation. When these efforts do not result in an agreement, a request may be made by either party that the department investigate the situation and publicly report its recommendations. *If an agreement still remains unattainable, South Dakota law provides that a public employer may unilaterally implement the disputed provisions if the parties have bargained in good faith and a legitimate impasse exists.*

2005 S.D. 76, ¶ 14, 699 N.W.2d at 444 (citations omitted) (emphasis added). We see no reason to retreat from this interpretation of the statutory procedure required by SDCL 3-18-8.1. Only after the conciliation process is complete and "the parties have bargained in good faith and a legitimate impasse exists" may "a public employer . . . unilaterally implement the disputed provisions . . . ." *Bon Homme Cnty. Comm'n*, 2005 S.D. 76, ¶ 14, 699 N.W.2d at 444. Any other interpretation would render SDCL 3-18-8.1 meaningless. *See Rapid City Educ. Ass'n v. Rapid City Sch. Dist. No. 51-4*, 522 N.W.2d 494, 498 (S.D. 1994) ("There is a presumption against a construction which would render a statute ineffective or meaningless.")

(citation omitted).  We therefore reverse and remand for further proceedings consistent with this opinion.

[¶7.]        GILBERTSON, Chief Justice, and KONENKAMP and SEVERSON, Justices, and JENSEN, Circuit Court Judge, concur.

[¶8.]        JENSEN, Circuit Court Judge, sitting for ZINTER, Justice, disqualified.